| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

CHRISTOPHER BRIAN COLBERT, §
§
    Petitioner, §
§
*versus* §   CIVIL ACTION NO. 9:25-CV-160
§
DIRECTOR, TDCJ-ID, §
§
    Respondent. §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Christopher Brian Colbert, an inmate confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. After careful consideration, the court is of the opinion the objections are without merit. Inmates charged with prison disciplinary offenses are entitled to certain procedural safeguards when the punishment imposed implicates a protected liberty interest. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). Petitioner is not eligible for release on mandatory supervision. As a result, the magistrate judge correctly concluded the punishment petitioner

received did not implicate a protected liberty interest and that he was therefore not entitled to any procedural safeguards.[1]

## ORDER

Accordingly, petitioner's objections (#10) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#8) is **ADOPTED**. A final judgment will be entered denying the petition.

Furthermore, the court is of the opinion petitioner is not entitled to a certificate of appealability in this matter. An appeal from a final judgment denying habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for granting a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). In order to make a substantial showing, the petitioner is not required to establish that he would prevail on the merits. Rather, petitioner must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether a certificate of appealability should be granted is to be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues raised in his petition are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented by him are not worthy of encouragement to proceed further. Petitioner has therefore failed to make a sufficient showing

---

[1] In his petition and his objections, petitioner made allegations which could form the basis for civil rights claims. The court previously entered an order (#7) severing plaintiff's civil rights claims into a separate lawsuit.

to merit the issuance of a certificate of appealability. Thus, a certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 1st day of August, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE